```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,    :

      Plaintiff,          :

  v.                         :     Case No. 2:10-cr-160(2)

David C. Garrett,            :     JUDGE MARBLEY

      Defendant.         :

ORDER

      The above defendant appeared on October 4, 2010, for a detention hearing.  No evidence was presented, but counsel offered argument on the issue.  At the conclusion of the hearing, the Court ordered the defendant to be detained without bond pending trial.  This order explains why.

      Defendant was indicted on September 16, 2010.  The indictment charges him with four serious drug felonies - one count of conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana, and three substantive counts of possession of marijuana with the intent to distribute it.  The United States' argument for detention rested primarily upon the presumption against release on bond which is created by the indictment, as explained here.

      <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or

> combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title... or an offense involving a minor victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That

paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

According to the Pretrial Services Report, which both parties relied upon in making their arguments, defendant is a California resident with no ties to Ohio.  Although he stated that he has lived with his mother for the past thirteen years, it appears that for the past five years he has lived primarily with a friend.  He has not been employed for the past nine years and has only a sporadic employment history for the time prior to

that.  He did report use of various narcotics at various times, and went through a rehabilitation program for opiate dependency recently.  He compiled a number of arrests as a juvenile, although no convictions were confirmed, and as an adult he has been convicted twice for giving false information to law enforcement officials.  He is currently on probation for the later of these two offenses.  The conduct described in the indictment would be a violation of his probation.

In this case, defendant is facing a lengthy mandatory sentence if convicted on the conspiracy count.  There is probable cause to believe he committed multiple drug-related felonies while on probation.  He has no significant employment history.  Although it might be possible to arrange for electronic monitoring in California should defendant be released, the combination of the nature of the charges, the fact that they do involve narcotics, the total lack of employment history, and the fact that defendant apparently committed these offenses while under supervision, persuaded the Court that the presumption against release created by the indictment has not been overcome.  Therefore, the defendant was ordered detained without bond pending trial.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge